UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ROCHELE HENDERSON,<br><br>              Plaintiff,<br><br>        v.<br><br>BAY AREA AIR QUALITY<br>MANAGEMENT DISTRICT,<br><br>              Defendant. | Case No. 24-cv-01460-RFL (LB)<br><br>**DISCOVERY ORDER**<br><br>Re: ECF No. 53 |

**INTRODUCTION**

The plaintiffs move to quash Rule 45 subpoenas that the defendant served on non-parties on June 12, 2026 (the last day of fact discovery), seeking the plaintiffs' personnel and payroll records, including their current income.[1] The defendant responds that it served the subpoenas before (not after) the cut-off, that it acted promptly after recently learning that plaintiffs Eady and Henderson were receiving income from the subpoenaed entities, and that the records bear directly on mitigation of the plaintiffs' claimed economic damages.[2] The court can decide the dispute without oral argument. Civil L.R. 7-1(b). Because the case schedule requires that discovery be completed (not merely served) by the fact-discovery cut-off, subpoenas served on the cut-off date, with

---

[1] Disc. Letter Br. – ECF No. 53 at 1–2. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 1–2.

ORDER – No. 24-cv-01460-RFL (LB)

compliance necessarily due afterward, are untimely. The court grants the plaintiffs' motion and quashes the subpoenas, without prejudice to the defendant's moving the district judge under Rule 16(b)(4) to modify the case schedule to permit the discovery.

## STATEMENT

The plaintiffs claim economic damages, and their economic expert has served reports addressing those damages. Under the operative case-management order, fact discovery closed on June 12, 2026.[3] On that day, the defendant served Rule 45 subpoenas on non-parties (entities from which plaintiffs Eady and Henderson now receive employment income) for the plaintiffs' personnel and payroll records.[4] The defendant contends that it "only learned very recently" that the plaintiffs were receiving this income, that the information is necessary to evaluate mitigation of the plaintiffs' economic damages, and that the plaintiffs' expert reports do not account for it.[5] The *Henderson* case is not set for trial. Trial in this case is set for January 25, 2027.[6] Lead trial counsel met and conferred but did not resolve the dispute.[7]

## ANALYSIS

A Rule 45 subpoena to a non-party is discovery and is subject to the court-ordered fact-discovery cut-off; a party cannot use Rule 45 to obtain discovery beyond the deadline that governs the parties' other discovery. *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 561 (S.D. Cal. 1999) (collecting cases). And in this case, the cut-off is a completion deadline: Judge Lin's standing order provides that the discovery cut-off is the date by which all discovery must be completed, including all productions.[8] A party that needs discovery after the cut-off must obtain

---

[3] Min. Entry – ECF No. 52.

[4] Disc. Letter Br. – ECF No. 53 at 1.

[5] *Id.* at 1–2.

[6] *Id.* at 2.

[7] *Id.* at 1.

[8] *Id.* (citing the standing order).

relief from the schedule, which requires a showing of good cause — primarily diligence — under Rule 16(b)(4). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Under that standard, the subpoenas are untimely. The defendant served them on the last day of fact discovery. A subpoenaed non-party has fourteen days to object and must be allowed a reasonable time to comply. Fed. R. Civ. P. 45(d)(2)(B), (d)(3)(A)(i). Compliance thus necessarily would occur — if at all — after the cut-off. Serving discovery that cannot be completed by the completion deadline is the functional equivalent of serving it after the deadline: it unilaterally extends the discovery period.

The defendant's arguments do not change the result here. First, the defendant emphasizes that it served the subpoenas "before" the cut-off. But under a completion deadline, the date of service is not the measure; the date of compliance is. Second, the defendant contends that it acted promptly after recently learning of the income, that the records are plainly relevant to mitigation, and that the plaintiffs face no prejudice given the January 2027 trial date. Those are arguments for modifying the schedule — that is, they go to good cause and diligence under Rule 16(b)(4) — and they are addressed to Judge Lin, who set the schedule. They are not grounds for the undersigned to disregard the schedule as it stands.

The remedy follows the parties' framing. The plaintiffs ask the court to quash the subpoenas as untimely. The defendant asks that any adverse ruling be without prejudice so that it may seek narrow relief from Judge Lin. The court grants the motion in exactly that form: the subpoenas are quashed as untimely, without prejudice to a Rule 16(b)(4) motion to the district judge.

## CONCLUSION

The court quashes the subpoenas without prejudice to the defendant's moving the district judge under Rule 16(b)(4) for a limited modification of the case schedule to permit the subpoenas, which would allow the defendant to re-serve them. This resolves ECF No. 53.

**IT IS SO ORDERED.**

Dated: July 9, 2026

_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California